

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor        973-645-2700
Newark, New Jersey 07102

June 11, 2025

Thomas Ambrosio, Esq.
750 Valley Brook Avenue
Lyndhurst, New Jersey 07071

      Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Shaquan Rush</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Shaquan Rush ("RUSH"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 30, 2025, if it is not accepted in writing by that date. If RUSH does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from RUSH to a three-count Information, which charges RUSH with: (1) in Count One, racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (2) in Count Two, discharging a firearm during and in relation to a crime of violence, namely, the murder in aid of racketeering of Victim S.J., in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (3) in Count Three, discharging a firearm during and in relation to a crime of violence, namely, the attempted murder in aid of racketeering of Victim Q.S., in violation of 18 U.S.C. § 924(c)(1)(A)(iii). As part of this plea agreement, RUSH admits that his conduct in connection with the racketeering conspiracy charged in Count One of the Information consisted of at least the following racketeering acts:

1. Purposefully and knowingly causing the death of Victim S.J. in Jersey City, New Jersey on or about April 1, 2020, in violation of N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6;

2. Purposefully and knowingly conspiring and attempting to cause the death of Victim Q.S. in Jersey City, New Jersey on or about April 1, 2020, in violation of N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-1, and 2C:5-2; and

3. Distributing, possessing with intent to distribute, and conspiring with others to distribute and to possess with intent to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.

If RUSH enters a guilty plea and is sentenced on these charges to a term of imprisonment within the range of 25 to 30 years, followed by 5 years' supervised release (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against RUSH for his involvement with the neighborhood-based street gang operating in Jersey City, New Jersey referred to herein as the Rutgers Enterprise between in or around January 2019 and in or around April 2020.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against RUSH even if the applicable statute of limitations period for those charges expires after RUSH signs this agreement, and RUSH agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, RUSH may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), RUSH will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 1962(d) charged in Count One of the Information to which RUSH agrees to plead guilty carries a statutory maximum sentence of life imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violations of 18 U.S.C. § 924(c)(1)(A)(iii) charged in Counts Two and Three of the Information to which RUSH agrees to plead guilty each carry a statutory mandatory minimum prison sentence of ten years, a statutory maximum prison sentence of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences imposed on Counts Two and Three must run consecutively to each other and to any other prison sentence RUSH is serving or is ordered to serve. The prison sentence on Count One may run consecutively to any

other prison sentence RUSH is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and RUSH agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence RUSH to at least 25 years' imprisonment and no more than 30 years' imprisonment and 5 years' supervised release.

Further, in addition to imposing any other penalty on RUSH, the sentencing judge as part of the sentence:

(1) will order RUSH to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order RUSH to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1), 1963(b), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(4) may deny RUSH certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) If RUSH violates any of the conditions of supervised release before the expiration of its term, RUSH may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and he may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. §§ 3663 and 3663A, RUSH agrees to make full restitution for all losses resulting from the offense of conviction, which will be determined around the time of sentencing. RUSH understands that restitution will be due immediately upon sentencing. RUSH agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. RUSH agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. RUSH agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to

the changed circumstances. RUSH expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

Forfeiture

As part of his acceptance of responsibility and pursuant to: (i) 18 U.S.C. § 1963(b), RUSH shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses charged in the Information; (ii) 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), RUSH shall forfeit to the United States, any firearms and ammunition involved in or used in the commission of the offenses charged in the Information; and (iii) 21 U.S.C. § 853(p), RUSH shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense (collectively, the "Forfeitable Property"). RUSH acknowledges that the Forfeitable Property is subject to forfeiture to the United States pursuant to the provisions set forth above.

RUSH further agrees to consent to the immediate entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. RUSH understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. RUSH hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

RUSH consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property; and (2) any additional notice requirement in connection with the forfeiture and abandonment of the Forfeitable Property. RUSH also consents to the destruction of the forfeited and abandoned Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

RUSH further consents to the administrative and/or civil judicial forfeiture of the any property forfeited pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). RUSH agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving any forfeited property and will not cause or assist

anyone else in doing so. To the extent RUSH has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving forfeited property, such claims or petitions are hereby deemed withdrawn. RUSH further agrees to take all necessary steps to pass clear title to any property forfeited pursuant to 21 U.S.C. § 853 to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

RUSH waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. RUSH understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of RUSH's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. RUSH hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on RUSH by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RUSH's activities and relevant conduct with respect to this case.

Stipulations

This Office and RUSH will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, RUSH will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

    (4)    Any claim RUSH pursues in an appropriate forum, when permitted by law, that RUSH received constitutionally ineffective assistance of counsel.

Immigration Consequences

RUSH understands that, if RUSH is not a citizen of the United States, RUSH's guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making RUSH deportable, excludable, or inadmissible, or ending his naturalization. RUSH understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. RUSH wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause RUSH's removal from the United States. RUSH understands that RUSH is bound by this guilty plea regardless of any immigration consequences. Accordingly, RUSH waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. RUSH also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RUSH. Thus, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between RUSH and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: DESIREE L. GRACE
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Thomas Ambrosio, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 6-24-25
SHAQUAN RUSH


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 6-24-25
THOMAS AMBROSIO, ESQ.
Counsel for Defendant

<u>Rule 11(c)(1)(C) Plea Agreement with Shaquan Rush</u>

<u>Schedule A</u>

This Office and RUSH agree to stipulate to the following facts:

1. Since at least as early as in or around January 2019 continuing through in or around April 2020, RUSH was a member of and associated with the neighborhood-based street gang that operated in and around the vicinity of Triangle Park in Jersey City, New Jersey, which gang identified as, among other names, "Rutgers" (the "Rutgers Enterprise").

2. As a member and associate of the Rutgers Enterprise, RUSH agreed with at least one other person to conduct and to participate, directly and indirectly, in the conduct of the Rutgers Enterprise's affairs through a pattern of racketeering activity. As part of the racketeering conspiracy, RUSH agreed to personally participate in, and in fact did participate in, at least two racketeering acts.

3. From at least as early as in or around January 2019 through at least in or around April 2020, RUSH distributed, possessed with intent to distribute, and conspired to distribute controlled substances, including heroin and cocaine, with, for, and on behalf of the Rutgers Enterprise.

4. On or about April 1, 2020, RUSH, along with other members and associates of the Rutgers Enterprise, attempted to murder rival gang member, Victim Q.S.

5. During and in relation to the attempted murder of Victim Q.S., RUSH used and carried a firearm, which was discharged, and did aid and abet the same.

6. On or about April 1, 2020, RUSH, along with other members and associates of the Rutgers Enterprise, murdered Victim S.J.

7. During and in relation to the murder of Victim S.J., RUSH used and carried a firearm, which was discharged, and did aid and abet the same.

8. The attempted murder of Victim Q.S. and the murder of Victim S.J. were committed in furtherance of the Rutgers Enterprise.